# Exhibit A

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>Court Address: 7325 South Potomac Street<br>Centennial, CO 80112<br>(303) 649-6355 | DATE FILED: May 23, 2019 1:16 PM<br>FILING ID: 47C63422FEB2F<br>CASE NUMBER: 2019CV31209 |
| **PLAINTIFF:** DEAN DRULIAS,<br><br>v.<br><br>**DEFENDANTS:** CHRISTOPHER W. SHEAN; JOHN C. MALONE; STEPHEN M. BRETT; GREGG L. ENGLES; ROBERT HAMMOND; SCOTT W. SCHOELZEL; ALEXANDRE VON FURSTENBERG; LIBERTY EXPEDIA HOLDINGS, INC.; AND EXPEDIA GROUP, INC. | **COURT USE ONLY** |
| **Attorneys for Defendant**:<br>KAREN CODY-HOPKINS# 35367<br>Cody-Hopkins Law Firm<br>4610 S. Ulster Street, #150<br>Denver, CO 80237<br>P: (303) 221-4666  F: (303) 221-4374<br>E:karen@codyhopkinslaw.com<br>*Additional Counsel listed below* | Case Number:<br><br>Division       Courtroom |
| **VERIFIED COMPLAINT FOR VIOLATION OF COLORADO SECURITIES ACT § 11-51-501 AND COLORADO COMMON LAW** ||

Plaintiff, by his attorneys, alleges as and for his complaint, upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, as follows:

## INTRODUCTION

1. This lawsuit (the "Action") is brought pursuant to the Colorado Securities Act §11-51-501 and the common law of Colorado against Liberty Expedia Holdings, Inc. ("Liberty" or the "Company"), its board of directors (collectively the "Board" or the "Individual Defendants") as well as Expedia Group, Inc. ("Expedia") in connection with the sale of Liberty to Expedia (the "Sale").

2. The Sale is subject to the approval of the shareholders of Liberty. On or about April 16, 2019, the Defendants announced that the Sale would be put to a shareholder vote at a special meeting of Liberty's shareholders.

3. On or about May 2, 2019, the Defendants filed, or caused to be filed, a Proxy Statement (the "Proxy Statement") with the Securities and Exchange Commission (the "SEC") and, through such filing, disseminated the Proxy Statement to Liberty's shareholders, including Plaintiff, soliciting and urging shareholders to vote in favor of the Sale.

4. The Proxy Statement violates Colorado Securities Act §11-51-501 and the common law of Colorado common law because it contains statements regarding the conflicts of interest of those promoting the Sale, as well as financial projections upon which Liberty's financial advisor (Moelis & Company, LLC ("Moelis")) relied, that are false or incomplete and misleading.

5. This Action seeks, *inter alia*, to enjoin the Defendants from continuing to violate the Colorado Securities Act §11-51-501 and Colorado common law.

6. This complaint asserts claims under Colorado law only and specifically excludes and disclaims any and all claims (i) for breach of fiduciary duties, (ii) arising under Delaware law, including any derivative claim(s) and any claim(s) arising from Liberty's Certificate of Incorporation and/or bylaws, and/or (iii) governed by the internal affairs doctrine.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to Colo. Const. Art. VI, Section 9.

8. This Court has jurisdiction over the Defendants because Liberty is headquartered in this State and because the improper conduct alleged in this Complaint occurred in and/or emanated from Colorado. Additionally, this Court has jurisdiction over each of the Defendants because each resides in, or is a citizen of, Colorado, conducts or transacts business in Colorado, and/or engaged in tortious conduct in Colorado.

9. Venue is proper in this District Court pursuant to C.R.C.P. 98 (c).

## PARTIES

10. Plaintiff Dean Drulias has owned shares of Liberty common stock continuously since on or about February 16, 2016.

11. Defendant Liberty is a publicly traded holdings company formed in 2015 and headquartered at 12300 Liberty Boulevard, Englewood, Colorado 80112. Liberty's principal assets consist of its interest in Expedia and its subsidiary Vitalize, LLC (also known as "Bodybuilding.com"). As of December 31, 2018, Liberty beneficially owned approximately 16.2% of the outstanding Expedia common stock and 53.0% of the voting interest in Expedia. Liberty's stock is traded on the NASDAQ under the ticker symbols "LEXEA," and "LEXEB."

12. Defendant Christopher W. Shean ("Mr. Shean" or "CEO Shean") has served as President and Chief Executive Officer ("CEO") of Liberty since March 2016 and as a director since November 2016. In connection with the Sale Agreement, Mr. Shean is expected to receive $212,685.00 for the accelerated vesting of his unvested stock options and unvested restricted stock units ("RSUs") in the Company which he would not otherwise be receiving at this time.

13.     Defendant John C. Malone ("Mr. Malone") has served as Chairman of the Board of Liberty since November 2016.

14.     Defendant Stephen M. Brett ("Mr. Brett") has served as a director of Liberty since November 2016. In connection with the Sale Agreement, Mr. Brett is expected to receive $82,224 for the accelerated vesting of his restricted stock units ("RSUs") which he would not otherwise be receiving at this time.

15.     Defendant Gregg L. Engles ("Mr. Engles") has served as a director of Liberty since November 2016. In connection with the Sale Agreement, Mr. Engles is expected to receive $82,224 for the accelerated vesting of his RSUs which he would not otherwise be receiving at this time.

16.     Defendant Robert Hammond ("Mr. Hammond") has served as a director of Liberty since November 2016. In connection with the Sale Agreement, Mr. Hammond is expected to receive $82,224 for the accelerated vesting of his RSUs which he would not otherwise be receiving at this time.

17.     Defendant Scott W. Schoelzel ("Mr. Schoelzel") has served as a director of Liberty since November 2016. In connection with the Sale Agreement, Mr. Schoelzel is expected to receive $82,224 for the accelerated vesting of his RSUs which he would not otherwise be receiving at this time.

18.     Defendant Alexandre von Furstenberg ("Mr. von Furstenberg") has served as a director of Liberty since November 2016. In connection with the Sale Agreement, Mr. von Furstenberg is expected to receive $82,224 for the accelerated vesting of his RSUs which he would not otherwise be receiving at this time.

19.     Defendant Expedia is a publicly traded online travel platform headquartered a 333 108th Avenue NE, Bellevue, Washington 98004. Expedia's stock is traded on the NASDAQ under the ticker symbol "EXPE."

## SUBSTANTIVE ALLEGATIONS

20.     Liberty is a publicly traded holdings company formed in 2015. Liberty's principal assets consist of its interest in Expedia and its subsidiary Vitalize, LLC (also known as "Bodybuilding.com"). As of December 31, 2018, Liberty beneficially owned approximately 16.2% of the outstanding Expedia common stock and 53.0% of the voting interest in Expedia.

21.     On or about April 16, 2019, the Board of directors of Liberty, the Individual Defendants herein, approved Liberty's sale in a transaction in which the shareholders of Liberty would receive 0.360 of a share of Expedia common stock for each share of Liberty.

22.     The Sale requires the approval of Liberty shareholders. If Liberty shareholders do not approve the Sale, it cannot be completed.

23. On or about April 16, 2019, Defendants announced that they would put the Sale to a shareholder vote at a special meeting of shareholders of Liberty.

24. On or about May 2, 2019, the Defendants filed, or caused to be filed, the Proxy Statement and, through such filing, disseminated the Proxy Statement to Liberty's shareholders, including Plaintiff, soliciting and urging shareholders to vote in favor of the Sale.

25. In the Proxy Statement, Defendants made statements that were untrue and/or omitted facts that needed to be stated to render certain statements not misleading. The statements were material because, among other things, they pertained to (a) the conflicts of interest of the individual defendants and Moelis and (b) core financial information about the Sale upon which Liberty's financial advisor relied in opining that the Sale consideration is fair.

**The Projections Underlying the Investment Banker's Fairness Opinion**

26. The Proxy Statement states that in arriving at its fairness opinion Moelis reviewed certain financial forecasts provided to or discussed with Moelis by the management of Liberty.

27. The Proxy Statement also states that in connection with the Illustrative Net Asset Value Analysis underlying its fairness opinion Moelis performed a discounted cash flow analysis of Bodybuilding (one of Liberty's two principal assets) using estimates and other information and data provided by Liberty's management.

28. The Proxy Statement fails to disclose the financial forecasts and estimates which Moelis reviewed and used for its analyses.

29. The omission of these facts is material because a reasonable and prudent shareholder would consider the future prospects of Liberty as a standalone company important in deciding how much credence to give to Moelis' opinion that the Sale consideration is fair to shareholders.

**The Directors' Conflicts of Interest Omission**

30. The Proxy states that in considering the recommendation of Liberty's Board with respect to the Sale, shareholders should be aware that executive officers and non-employee directors of Liberty have certain interests in the transaction that may be different from, or in addition to, the interests of Liberty stockholders generally. Among these interests is that all then outstanding Liberty stock options will be accelerated and converted into the right to receive the sale consideration; provided that, Expedia will consider in good faith any request by Liberty that Expedia make a cash payment on equivalent terms in lieu of payment of the sale consideration.

31. The Proxy Statement does not disclose (i) the amount of cash payment that will be due to each member of Liberty's Board for his unvested options should Liberty request that Expedia make a cash payment, (ii) the identity of all directors for whom Liberty has requested that cash payment in lieu of the sale consideration be paid for his outstanding Liberty stock

options, and (iii) the circumstances under which Liberty will request that the Expedia make a cash payment in lieu of the merger consideration.

32.     The omission of these facts is material because a reasonable and prudent shareholder would consider the potential conflict of interests of the Individual Defendants important in determining whether to accept their recommendation to vote for the Sale.

**The Investment Banker's Conflicts of Interest Omission**

33.     The Proxy Statement states that Moelis has received over $13 million for providing investment banking services in the past to a company in which Mr. Malone may be deemed to have a material voting interest and certain investees of a company in which Mr. Malone may be deemed to have a material voting interest.

34.     The Proxy Statement fails to disclose the extent to which Moelis has provided services to, and the amount of fees it has received from, (i) Barry Diller, Expedia's Chairman, and his affiliated entitles and (ii) the other members of Liberty's board and their affiliates.

35.     Mr. Diller has a vast array of business interests and the potential to funnel lucrative opportunities to Moelis should he desire.  In this regard, Delaware's influential Vice-Chancellor Travis J. Laster recently opined that financial advisors may be influenced to "shade" their opinions in an effort to please those in a position to hire them.  *See* Afra Afsharipour and J. Travis Laster, *Enhanced Scrutiny on the Buy Side*, 53 GEORGIA LAW REVIEW 443, 446, 455-456 (2019).  Thus, a reasonable and prudent investor would attach importance to the omission of Moelis's relationship with Mr. Diller in determining whether to vote for or against the Sale.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF § 11-51-501
*(Against all Defendants)*

36.     Plaintiff repeats and realleges all previous allegations as if set forth in full herein.

37.     On or about May 2, 2019, Liberty and the Individual Defendants disseminated and circulated the Proxy Statement to the shareholders of Liberty, including Plaintiff.

38.     Expedia participated in the dissemination of the Proxy Statement by supplying information to Liberty with knowledge that it would be included in the Proxy Statement and by specifically urging Liberty shareholders to read and rely on the statements in the Proxy Statement.

39.     The Proxy Statement disseminated and circulated by the Defendants contains the materially false and misleading statements and omissions specified above.

40.     The statements and omissions are material because, among other things, they pertain to financial projections upon which Liberty's investment banker relied in opining that the

Sale is fair and the conflicts of interest of those promoting the Merger. A reasonable and prudent investor would attach importance to the facts omitted or misrepresented in determining whether to vote for or against the Sale.

41. As members of Liberty's board of directors, the Individual Defendants were responsible for and had ultimate authority over the false and misleading statements and omission in the Proxy Statement.

42. Defendants knew or had reasonable grounds to know that the statements specified above were misleading in that they contained misrepresentations and/or failed to disclose material facts necessary in order to make the statements, in the circumstances under which they were made, not misleading.

43. As a shareholder of Liberty entitled to vote on the Sale proposal, Plaintiff is justifiably entitled to rely on the integrity of the shareholder vote, which vote has been compromised by the false and misleading statements and omissions by the Defendants in the Proxy Statement disseminated to Plaintiff and the other Liberty shareholders.

44. By reason of the foregoing, the Defendants have violated § 11-51-501 and should be enjoined from continuing such violation.

45. Absent an injunction, Plaintiff will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

### MISREPRESENTATION AND CONCEALMENT
### IN VIOLATION OF COLORADO COMMON LAW
*(Against all Defendants)*

46. Plaintiff repeats and re-alleges the allegations stated in ¶¶ 1 through 35 inclusive, as if fully set forth herein.

47. Pursuant to Colorado Common law, Defendants undertook an obligation to Plaintiff, a shareholder of Liberty, to communicate accurate and truthful information in the Proxy Statement.

48. On or about May 2, 2019, Defendants disseminated and circulated a Proxy Statement that contains the materially false and misleading statements and omissions specified above.

49. Expedia participated in the dissemination of the Proxy Statement by supplying information to Liberty with knowledge that it would be included in the Proxy Statement and by specifically urging Liberty shareholders to read and rely on the statements in the Proxy Statement.

50.     In violation of Colorado Common law, Defendants misrepresented and concealed the matters specified above with the intent to deceive the Plaintiff and other Liberty shareholders and to induce the Plaintiff and other Liberty shareholders to vote for the Sale.

51.     As a shareholder of Liberty entitled to vote on the Sale proposal, Plaintiff is justifiably entitled to rely on the integrity of the shareholder vote, which vote has been compromised by the false and misleading statements and omissions by the Defendants in the Proxy Statement disseminated to Plaintiff and the other Liberty shareholders.

52.     Absent an injunction, Plaintiff will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

## NEGLIGENT MISREPRESENTATION AND CONCEALMENT IN VIOLATION OF COLORADO COMMON LAW
*(Against all Defendants)*

53.     Plaintiff repeats and re-alleges the allegations stated in ¶¶ 1 through 35 inclusive, as if fully set forth herein.

54.     Pursuant to Colorado Common law, Defendants undertook an obligation to Plaintiff, a shareholder of Liberty, to communicate accurate and truthful information in the Proxy Statement.

55.     On or about May 2, 2019, Liberty and its directors disseminated and circulated a Proxy Statement that contains the materially false and misleading statements and omissions specified above.

56.     Expedia participated in the dissemination of the Proxy Statement by supplying information to Liberty with knowledge that it would be included in the Proxy Statement and by specifically urging Liberty shareholders to read and rely on the statements in the Proxy Statement.

57.     Defendants were careless and negligent in ascertaining the truth of the misrepresentations specified above.

58.     Defendants were careless and negligent in omitting from the Proxy Statement the matters specified above.

59.     As a shareholder of Liberty entitled to vote on the Sale proposal, Plaintiff is justifiably entitled to rely on the integrity of the shareholder vote, which vote has been compromised by the false and misleading statements and omissions by the Defendants in the Proxy Statement disseminated to Plaintiff and the other Liberty shareholders.

60.     Absent an injunction, Plaintiff will suffer irreparable harm.

**WHEREFORE,** Plaintiff demands judgment as follows:

1.  declaring that Defendants have violated the Colorado Securities Act § 11-51-501 by circulating the materially misleading Proxy Statement;

2.  enjoining the Defendants from continuing and doing any act in violation of the Colorado Securities Act § 11-51-501, including enjoining and/or rescinding the Sale Agreement and requiring Defendants to disseminate a Proxy Statement that does not contain false and misleading statements;

3.  declaring that Defendants have fraudulently or negligently misrepresented and omitted materials facts in the Proxy Statement;

4.  awarding Plaintiff compensatory damages as allowed by law;

5.  awarding Plaintiff punitive damages as allowed by law;

6.  awarding interest, attorney's fees, expert fees and other costs in an amount to be determined; and

7.  granting such other relief as the Court may find just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts of this Complaint that are so triable.

Dated:  May 23, 2019               s/ Karen Cody-Hopkins
                                   Karen Cody-Hopkins
                                   CODY-HOPKINS LAW FIRM
                                   4610 South Ulster Street, Suite 150
                                   Denver, CO 80237
                                   T: (303) 221-4666 F: (303) 221-4374
                                   Email:  karen@codyhopkinslaw.com

                                   *Attorney for Plaintiff*

                                   *Of Counsel:*
                                   THE BRUALDI LAW FIRM, P.C.
                                   Richard B. Brualdi
                                   29 Broadway, Suite 2400
                                   New York, New York 10006
                                   T:  (212) 952-0602 F:  (212) 952-0608

Plaintiff's Address:
Dean Drulias
c/o The Brualdi Law Firm, P.C.
29 Broadway, Suite 2400
New York, New York 10006

9